364 A.2d 396

**COMMONWEALTH of Pennsylvania**

v.

**Marvin CRUMP, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

Nino V. Tinari, Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia quashing the indictment and reinstating the sentence of the Municipal Court of Philadelphia.

Appellant was charged with possession of narcotic drugs. At his hearing in Municipal Court appellant pleaded nolo contendere. Judge Dandridge invoked the provisions of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 17, (as amended), 35 P.S. § 780–117, and sentenced appellant to one year probation without verdict. When appellant was arrested several times for various drug offenses during his probationary period, a revocation hearing was held. After hearing testimony of the probation officer regarding appellant's arrests, Judge Dandridge terminated probation, adjudicated appellant guilty, and sentenced him to not less than six months nor more than one year in the House of Correction.

Appellant appealed to the Court of Common Pleas, where he was indicted. That court, however, quashed the indictment and reinstated the sentence imposed by Judge Dandridge. The court reasoned that appellant should have appealed to this court.

Appellant's sole claim is that he was not afforded procedural due process in his revocation hearing and therefore the judgment imposed after the revocation should be reversed. Although appellant is not asking for a trial *de novo,* he is appealing a decision by the Municipal Court

on a question of law. The Philadelphia Municipal Court Act provides the Court of Common Pleas of Philadelphia with jurisdiction over all appeals by any party from judgments of the Municipal Court. Act of Oct. 17, 1969, P.L. 259, § 19, 17 P.S. § 711.19. Accordingly, the Court of Common Pleas should have decided whether appellant was afforded due process in his revocation hearing; this court does not have jurisdiction over that issue. Commonwealth v. Hallowell, 223 Pa.Super. 440, 302 A.2d 377 (1973). Our jurisdiction is limited to appeals from judgments of the Courts of Common Pleas. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. III, § 302, 17 P.S. § 211.302.

The appeal is quashed and the matter is remanded to the Court of Common Pleas for disposition.